PER CURIAM.
Wilson Sanchez, proceeding pro se, appeals the disposition of two motions for relief filed under rule 3.850, Florida Rules of Criminal Procedure. We remand for further proceedings.
Appellant filed his initial motion within the time permitted by the rule. Shortly thereafter, an Assistant Public Defender filed a motion to abandon the appellant’s pro se rule 3.850 motion. We cannot tell from this record in what capacity the public defender was representing appellant. There is no indication that appellant received a copy of the motion to abandon. The court entered an order striking the 3.850 motion.
Subsequently, appellant inquired into the status of his motion. Ultimately the trial court corresponded with appellant, indicating, “If you wish to proceed with such a motion at this time, you should file your motion pursuant to rule 3.850 of the Florida Rules of Criminal Procedure.” Attached to the court’s response were two letters from the assistant public defender. One was addressed to the court and stated that the appellant had asked him to withdraw the motion, and the other was a copy of a letter to the appellant, dated before the motion to withdraw was filed, confirming that he was going to move to withdraw the rule 3.850 motion on the appellant’s instruction. The public defender did not reveal whether the appellant had responded to the confirmation letter.
Neither the record on appeal nor the state’s response to the show cause order reveals whether the public defender who had been permitted to withdraw was reappointed to represent the appellant on his motion (in which case he would have had authority to act on the appellant’s behalf in withdrawing the motion) or in some other capacity in the same case (in which case his authority would have been questionable), or whether the public defender was appointed to represent the appellant in a different case (and would ordinarily not have authority to take any action on behalf of the appellant on a motion filed in another case).
Appellant’s second, subsequently filed rule 3.850 motion was stricken as untimely. It is unclear, however, whether or not the letter from the trial court to appellant constituted authorization to file the motion after the time limitation had expired. If so, then it was obviously inappropriate to strike the motion as untimely.
For the reasons we have indicated we remand this ease to the trial court. The trial court may take further evidence if necessary to resolve these issues. First the trial court must determine whether the assistant public defender had the authority to withdraw appellant’s initial 3.850 motion. If not, then the trial court should consider that motion on the merits. If, on the other hand, the motion was properly withdrawn, then it becomes necessary to consider the issue of the timeliness of appellant’s second motion. If the letter from the trial court constituted authority for the late filing, then that motion must be considered on its merits. We note, without deciding, that this motion appears to be *335 legally insufficient because appellant’s factual allegations are contained in an unsworn attachment. If it is timely, however, any denial should be without prejudice to the filing of an amended and legally sufficient motion. If, on the other hand, no authority was given to file the motion out of time, then the matter is ended.
REVERSED AND REMANDED.
HERSEY, GLICKSTEIN and PARIENTE, JJ., concur.